**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, NJ, 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores East, LP*

| | |
|---|---|
| RICHARD JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP, JOHN DOES 1 - 5 (SAID NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN), JOHN DOES 6 - 10 (SAID NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN), ABC CORPS. 1 - 5 (SAID NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN) AND ABC CORPS 6-10 (SAID NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN,<br><br>    Defendant(s). | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action No.<br><br><br>**NOTICE OF REMOVAL** |

  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart Stores East" and incorrectly named as Wal-Mart Re Bus Inc. #2841), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, based upon the following:

  1.  On or about November 27, 2019, Plaintiff Richard Johnson commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, entitled RICHARD JOHNSON -vs- WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC CORPS. 1-5 (said names being fictitious, real names

unknown) and ABC CORPS 6-10 (said names being fictitious, real names unknown), Docket No. BUR-L-002500-19 (the "Complaint").

2.  On or about December 7, 2019, the Summons and Complaint were served on Wal-Mart Stores East.

3.  December 7, 2019 was the first date on which Wal-Mart Stores East received copies of the Summons and Complaint through service or otherwise.

4.  On or about February 24, 2020, Plaintiff Richard Johnson served an Amended Complaint, to name the proper corporate Walmart defendant, entitled RICHARD JOHNSON -vs- WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC CORPS. 1-5 (said names being fictitious, real names unknown) and ABC CORPS 6-10 (said names being fictitious, real names unknown) (the "Amended Complaint").

5.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Civil Case Information Statement, Track Assignment Notice, and Amended Complaint which constitute all process, pleadings and orders served upon Wal-Mart Stores East are attached hereto as Exhibit "A."

6.  This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

7.  Based upon the allegations in the Complaint, Plaintiff is a citizen of the State of New Jersey, residing at 24664 E. Main Street, Community of Columbus, Township of Mansfield, County of Burlington, State of New Jersey.

8. Wal-Mart Stores East is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart Stores East is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart Stores East is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

9. Neither Wal-Mart Stores East nor Walmart Inc. are citizens of the State of New Jersey.

10. Diversity of citizenship existed among the parties when the Complaint was filed on or about November 27, 2019. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

11. The Complaint alleges that on or about March 16, 2018, Plaintiff Richard Johnson fell while he was at the Walmart store located in Lumberton, New Jersey. Complaint, First Count, ¶ 1. The Complaint alleges that "Plaintiff, Richard Johnson, was ultimately caused to fall due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property." *Id.*, ¶ 1. The Complaint further alleges that Wal-Mart Stores East was negligent, reckless and/or careless and caused "a hazardous condition to exist which

caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants." *Id.*, ¶ 3. The Complaint further alleges that "as a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, Richard Johnson, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will be in the future be unable to pursue his normal daily activities as before." *Id.*, ¶ 4.

12. The Complaint does not explain the nature of Plaintiff's alleged injuries, nor is the amount in controversy discernible from the language in the Complaint.

13. On February 20, 2020, Wal-Mart's Counsel sent Plaintiff's Counsel correspondence requesting they stipulate that Mr. Johnson's damages are less than $75,000.00. In addition, said correspondence notes, "This information is necessary to determine whether the amount in controversy is such that this matter may be removed to federal court based on diversity of citizenship of the parties". (See February 20, 2020 correspondence, attached hereto as Exhibit "B").

14. On February 27, 2020, Wal-Mart's Counsel received a response from Plaintiff's Counsel indicating Plaintiff would not stipulate as to damages and that Mr. Johnson allegedly sustained a knee injury which required knee replacement surgery. (See February 27, 2020 correspondence, attached hereto as Exhibit "C").

15. Upon information and belief, Plaintiff Richard Johnson sustained a knee injury for which he underwent a complete knee replacement. Due to the physical area effected and need for surgical treatment, Plaintiff's claims merit removal.

16. February 27, 2020 was the first day on which Wal-Mart Stores East received papers from which it ascertained that this matter is removable to Federal Court. Pursuant to 28 U.S.C. § 1446(b)(3) and *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585 (D.N.J. 2016), this Notice is being filed with this Court within thirty (30) days of Wal-Mart Stores East's first receipt "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17. While Wal-Mart Stores East denies all liability to Plaintiff and denies that he is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

18. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Burlington County and is being served upon Plaintiff.

20. In filing this Notice of Removal, Wal-Mart Stores East does not waive any defects in service of process, venue or personal jurisdiction.

21. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Wal-Mart Stores East, LP*

By: _____
Til J. Dallavalle

Dated: March 6, 2020

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Burlington County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Wal-Mart Stores East, LP*

By: _____
Til J. Dallavalle

Dated: March 6, 2020

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

John M. Vlasac, Jr.
Vlasac & Shmaruk, LLC
485B Route 1 South, Suite 120
Iselin, NJ 08830
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

                                                    Til J. Dallavalle

Dated:  March 6, 2020