# EXHIBIT A

**VLASAC & SHMARUK, LLC**
John M. Vlasac, Jr.
Attorney ID # 020042000
485B Route 1 South, Suite 120
Iselin, NJ  08830
732-494-3600
(f) 732-494-3601
Attorneys for Plaintiff

| | |
|---|---|
| RICHARD JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART RE BUS INC. #2841, JOHN DOES 1 - 5 (said names being fictitious, real names unknown), JOHN DOES 6 - 10 (said names being fictitious, real names unknown), ABC CORPS. 1 - 5 (said names being fictitious, real names unknown) and ABC CORPS 6 - 10 (said names being fictitious, real names unknown,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–BURLINGTONCOUNTY<br><br>Docket Number:  BUR-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, RICHARD JOHNSON, residing at 24664 E. Main St, Community of Columbus, Township of Mansfield, County of Burlington, State of New Jersey, by way of Complaint against the defendants, say:

## FIRST COUNT

1. On or about March 16, 2018, plaintiff, RICHARD JOHNSON, was properly and lawfully at/on or near the property owned, operated, managed or controlled by the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), said property located at 1740 Route 38 in Township of Lumberton, State of New Jersey. Plaintiff, RICHARD JOHNSON, was ultimately caused to fall due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property.

2. At the time and place aforesaid, the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), were owners, operators, and/or property managers of the property/bathrooms and as such were responsible for the operation, management, inspection, control and maintenance of said premises/bathrooms.

3. At the time and place aforesaid, the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), so negligently, recklessly, and/or carelessly owned, controlled, managed, operated, and/or maintained the property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants.

4. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), either jointly, severally or in the alternative for damages together with interests and costs of suit.

## SECOND COUNT

1. Plaintiffs repeat and adopt each and every allegation of the First Count of the

Complaint as if same were fully set forth herein at length.

2. At the time and place aforesaid, defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown), were the persons/entities hired or contracted by the defendant owners WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown) to treat, clean and/or maintain the subject property specifically with regard to maintenance and/or upkeep of the subject property/bathroom.

3. At the time and place aforesaid, the defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown) through their agents, servants and/employees, so negligently, carelessly and/or recklessly treated, cleaned and/or maintained the subject property/bathroom in failing to maintain and/or upkeep the subject property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants..

4. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious,

real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC CORPS. 1-5 (said names being fictitious, real names unknown) and ABC CORPS. 6-10 (said names being fictitious, real names unknown), either jointly, severally or in the alternative for damages together with interests and costs of suit.

### THIRD COUNT

1. Plaintiffs repeat and adopt each and every allegation of the First and Second Count of the Complaint as if same were fully set forth herein at length.

2. At the time and place aforesaid, defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown) negligently, carelessly and/or recklessly hired, supervised and/or inspected the work/services provided by the defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown) and ABC CORPS. 6-10 (said names being fictitious, real names unknown) so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants.

3. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of her injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC

CORPS. 1-5 (said names being fictitious, real names unknown), ABC CORPS. 6-10 (said names being fictitious, real names unknown) either jointly, severally or in the alternative for damages, together with interests and costs of suit.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to the Rules of the Court, John M. Vlasac, Jr., Esq. is hereby designated as trial counsel of the within matter.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1(b), the plaintiff hereby demands that the defendant provide answers to the uniform interrogatories as set forth in Form C and C(1) of Appendix II of the rules Governing the Courts of the State of New Jersey.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Yes (   )          No (   )

If the answer is "yes" state the type of each policy for which coverage exists:

| | | |
|---|---|---|
| General Liability | Yes (   ) | No (   ) |
| Commercial | Yes (   ) | No (   ) |
| Umbrella | Yes (   ) | No (   ) |
| Excess | Yes (   ) | No (   ) |
| Othis | Yes (   ) | No (   ) |

If the answer is "yes" attach a copy of each policy or, in the alternative, state under oath or certification the following:

(a) Policy Number
(b) Name and address of insuror or issuer
(c) inception and expiration dates
(d) names and addresses of all persons insured thereunder
(e) personal injury limits
(f) property damage limits
(g) medical payment limits
(h) name and address of person who has custody and possession thereof
(i) where and when each policy or agreement can be inspected and copied.

## CERTIFICATION

I certify that the within matter is not the subject of any other pending court or arbitration proceeding.

                        VLASAC & SHMARUK, LLC
                        Attorney for the Plaintiffs


                        /s/ John M.Vlasac, Jr., Esq.
                        JOHN M. VLASAC JR., ESQ.

Dated: November 27, 2019

## CERTIFICATION PURSUANT TO R. 4:5-1

I, JOHN M. VLASAC, JR., hereby certify as follows:

1. I am attorney at law of the State of New Jersey and am a member of the firm and as such, I am fully familiar with same.

2. To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division, Burlington County. Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated.

3.   I do hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

            VLASAC & SHMARUK, LLC
            Attorney for the Plaintiffs

            /s/ John M. Vlasac, Jr., Esq.
            JOHN M. VLASAC JR., ESQ.

Dated: November 27, 2019

# Civil Case Information Statement

### Case Details: BURLINGTON | Civil Part Docket# L-002500-19

**Case Caption:** JOHNSON RICHARD  VS WAL-MART RE BUS INC. #2841
**Case Initiation Date:** 11/27/2019
**Attorney Name:** JOHN MICHAEL VLASAC
**Firm Name:** VLASAC & SHMARUK, LLC
**Address:** 485B ROUTE 1 SOUTH STE 120
ISELIN NJ 08830
**Phone:** 7324943600
**Name of Party:** PLAINTIFF : JOHNSON, RICHARD
**Name of Defendant's Primary Insurance Company**
(if known): Claims Management, Inc.

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** YES
   **If yes, please identify the requested accommodation:**
   MOBILITY AIDS (WHEELCHAIR-GURNEY-BED)

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO     **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/27/2019
Dated

/s/ JOHN MICHAEL VLASAC
Signed

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY           NJ 08060
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    NOVEMBER 27, 2019
                         RE:      JOHNSON RICHARD  VS WAL-MART RE BUS INC.   #2841
                         DOCKET: BUR L -002500 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON SUSAN L. CLAYPOOLE

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (609) 288-9500.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH   R.4:5A-2.
                         ATTENTION:
                                       ATT: JOHN M. VLASAC
                                       VLASAC & SHMARUK, LLC
                                       485B ROUTE 1 SOUTH
                                       STE 120
                                       ISELIN           NJ 08830


ECOURTS
```

**VLASAC & SHMARUK, LLC**
John M. Vlasac, Jr.
Attorney ID # 020042000
485B Route 1 South, Suite 120
Iselin, NJ 08830
732-494-3600
(f) 732-494-3601
Attorneys for Plaintiff

| | |
|---|---|
| RICHARD JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP, JOHN DOES 1 - 5 (said names being fictitious, real names unknown), JOHN DOES 6 - 10 (said names being fictitious, real names unknown), ABC CORPS. 1 - 5 (said names being fictitious, real names unknown) and ABC CORPS 6 - 10 (said names being fictitious, real names unknown,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–BURLINGTONCOUNTY<br><br>Docket Number: BUR-L-2500-19<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, RICHARD JOHNSON, residing at 24664 E. Main St, Community of Columbus, Township of Mansfield, County of Burlington, State of New Jersey, by way of Complaint against the defendants, say:

## FIRST COUNT

1. On or about March 16, 2018, plaintiff, RICHARD JOHNSON, was properly and lawfully at/on or near the property owned, operated, managed or controlled by the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), said property located at 1740 Route 38 in Township of Lumberton, State of New Jersey. Plaintiff, RICHARD JOHNSON, was ultimately caused to fall due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property.

2. At the time and place aforesaid, the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), were owners, operators, and/or property managers of the property/bathrooms and as such were responsible for the operation, management, inspection, control and maintenance of said premises/bathrooms.

3. At the time and place aforesaid, the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), so negligently, recklessly, and/or carelessly owned, controlled, managed, operated, and/or maintained the property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants.

4. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), either jointly, severally or in the alternative for damages together with interests and costs of suit.

## SECOND COUNT

1. Plaintiffs repeat and adopt each and every allegation of the First Count of the

Complaint as if same were fully set forth herein at length.

2. At the time and place aforesaid, defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown), were the persons/entities hired or contracted by the defendant owners WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown) to treat, clean and/or maintain the subject property specifically with regard to maintenance and/or upkeep of the subject property/bathroom.

3. At the time and place aforesaid, the defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown) through their agents, servants and/employees, so negligently, carelessly and/or recklessly treated, cleaned and/or maintained the subject property/bathroom in failing to maintain and/or upkeep the subject property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants..

4. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real

names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC CORPS. 1-5 (said names being fictitious, real names unknown) and ABC CORPS. 6-10 (said names being fictitious, real names unknown), either jointly, severally or in the alternative for damages together with interests and costs of suit.

### THIRD COUNT

1. Plaintiffs repeat and adopt each and every allegation of the First and Second Count of the Complaint as if same were fully set forth herein at length.

2. At the time and place aforesaid, defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown) negligently, carelessly and/or recklessly hired, supervised and/or inspected the work/services provided by the defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown) and ABC CORPS. 6-10 (said names being fictitious, real names unknown) so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants.

3. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of her injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC

CORPS. 1-5 (said names being fictitious, real names unknown), ABC CORPS. 6-10 (said names being fictitious, real names unknown) either jointly, severally or in the alternative for damages, together with interests and costs of suit.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to the Rules of the Court, John M. Vlasac, Jr., Esq. is hereby designated as trial counsel of the within matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1(b), the plaintiff hereby demands that the defendant provide answers to the uniform interrogatories as set forth in Form C and C(1) of Appendix II of the rules Governing the Courts of the State of New Jersey.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Yes ( )   No ( )

If the answer is "yes" state the type of each policy for which coverage exists:

| | | |
|---|---|---|
| General Liability | Yes ( ) | No ( ) |
| Commercial | Yes ( ) | No ( ) |
| Umbrella | Yes ( ) | No ( ) |
| Excess | Yes ( ) | No ( ) |
| Othis | Yes ( ) | No ( ) |

If the answer is "yes" attach a copy of each policy or, in the alternative, state under oath or certification the following:

(a) Policy Number
(b) Name and address of insuror or issuer
(c) inception and expiration dates
(d) names and addresses of all persons insured thereunder
(e) personal injury limits
(f) property damage limits
(g) medical payment limits
(h) name and address of person who has custody and possession thereof
(i) where and when each policy or agreement can be inspected and copied.

## CERTIFICATION

I certify that the within matter is not the subject of any other pending court or arbitration proceeding.

VLASAC & SHMARUK, LLC
Attorney for the Plaintiffs

/s/ John M. Vlasac, Jr., Esq.
JOHN M. VLASAC JR., ESQ.

Dated: February 24, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I, JOHN M. VLASAC, JR., hereby certify as follows:

1. I am attorney at law of the State of New Jersey and am a member of the firm and as such, I am fully familiar with same.

2. To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division, Burlington County. Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated.

3. I do hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> VLASAC & SHMARUK, LLC
> Attorney for the Plaintiffs
>
> /s/ John M. Vlasac, Jr., Esq.
> JOHN M. VLASAC JR., ESQ.

Dated: February 24, 2020