## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------

RICHARD JOHNSON,

               Plaintiff,

     vs.

WAL-MART STORES EAST, LP, JOHN
DOES 1 - 5 (said names being fictitious, real
names unknown), JOHN DOES 6-10 (said
names being fictitious, real names
unknown), ABC COMPANIES 1 - 5 (said
names being fictitious, real names
unknown), and ABC COMPANIES 6-10
(said names being fictitious, real names
unknown),

            Defendant(s)

------------------------------------------------

Case Action No. 1:20-CV-02450

**NOTICE OF MOTION TO REMAND**

PLEASE TAKE NOTICE, that upon this motion, accompanying Memorandum and exhibits attached thereto, Plaintiff, RICHARD JOHNSON, will move this Court, on March 27, 2020 in the forenoon or as soon thereafter as counsel may be heard, for an Order to Remand to the Superior Court of New Jersey, Burlington County.

Respectfully submitted,
VLASAC & SHMARUK, LLC

Dated: March 11, 2020

/s/ John M. Vlasac, Jr.
JOHN M. VLASAC, JR., ESQ.
Attorney for Plaintiff, Richard Johnson

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following documents:

NOTICE OF MOTION TO REMAND;

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND
AND EXHIBITS THERETO; and

PROPOSED ORDER

Was served on counsel of record for Defendant WAL-MART STORES EAST, LP, via lawyer
service and email on March 11, 2020, at the following address:

Til J. Dallavalle, Esq.
Shoeman Updike Kaufman & Gerber, LLP
155 Willowbrook Boulevard
Suite 300
Wayne, NJ  07470
*Tdallavalle@schoeman.com*

Dated: March 11, 2020                    /s/ *John M. Vlasac, Jr.*
                                         JOHN M. VLASAC, JR., ESQ.
                                         Attorney for Plaintiff, Richard Johnson

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------
RICHARD JOHNSON,                          :        Case Action No. 1:20-CV-02450

                                          :

              Plaintiff,                  :

                                          :

                                          :        **NOTICE OF MOTION TO REMAND**

       vs.                                :

                                          :

                                          :

WAL-MART STORES EAST, LP, JOHN            :
DOES 1 - 5 (said names being fictitious, real  :
names unknown), JOHN DOES 6-10 (said      :
names being fictitious, real names        :
unknown), ABC COMPANIES 1 - 5 (said       :
names being fictitious, real names        :
unknown), and  ABC COMPANIES 6-10         :
(said names being fictitious, real names  :
unknown),                                 :

                                          :

              Defendant(s)
--------------------------------------------------

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION FOR
REMAND</u>**

## **TABLE OF CONTENTS**

Page

I.    INTRODUCTION.................................................................1

II.   BACKGROUND...............................................................1

III.  ARGUMENT.....................................................................2

    A.  Removal is disfavored, any ambiguities are resolved against removal...........2

    B.  Remand is required because Wal-Mart Stores East. is a New Jersey Citizen...3

IV.   CONCLUSION AND PRAYER.........................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boyer v. Snap-On ToolsCorp.*,
   913 F.2d 108, 111 (3d Cir. 1990)..................................................3

*Brown v. Francis*,
   75 F.3d 860, 865 (9th Cir. 1995)..................................................5

*Caterpillar, Inc. v. Williams*,
   482 U.S. 386, 392 (1987)..................................................2

*Dresser Indus., Inc. v. Underwriters at Lloyd's of London*,
   106 F.3d 494, 499 (3d Cir. 1997)..................................................2

*Frederico v. Home Depot*,
   507 F.3d 188, 193 (3d Cir. 2007)..................................................3

*Hertz Corp. v. Friend*,
   559 U.S. 77, 92-93 (2010)..................................................4

*Kelly v. U.S. Steel Corp.*,
   284 F.2d 850, 854 (3d Cir. 1960)..................................................3, 4

*Lively v. Wild Oats Mkts., Inc.*,
   456 F.3d 933, 939-40 (9th Cir. 2006)..................................................2

*McSparran v. Weist*,
   402 F.2d 867, 876 (3d Cir. 1968)..................................................2

*Mermen Co. v. Atlantic Mut. Ins. Co.*,
   147 F.3d 287, 291 (3rd Cir. 1998)..................................................4

*Mohammed*,
   2009 U.S. Dist. LEXIS 31094..................................................5

*Samuel-Bassett*,
   357 F.3d at 396..................................................3

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100, 108 (1941)..................................................2

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
   303 U.S. 283, 288 (1938)..................................................2, 3

## I. INTRODUCTION

Plaintiff, Richard Johnson, respectfully requests this Court to remand this cause to the Superior Court of the State of New Jersey, County of Burlington pursuant to 28 U.S.C. § 1447(c). Since Defendant, Wal-Mart Stores East, LP, has substantial contact with the state of New Jersey, including numerous places of business located within the state, these Defendants are citizens of the State of New Jersey and removal is improper under 28 U.S.C. § 1441(b).

## II. BACKGROUND

On or about November 27, 2019, Plaintiff Richard Johnson filed a Complaint in Superior Court in Burlington County against Wal-Mart Stores East, LP. **(Exhibit 1)**. Wal-Mart Stores East, LP, was served a copy of this filed complaint on or about December 7, 2019 **(Exhibit 2)**. On or about February 24, 2020, Plaintiff Richard Johnson filed an Amended Complaint properly naming Defendant Wal-Mart Stores East, LP. **(Exhibit 3)**. Defendants then filed a Notice of Removal, based on complete diversity of citizenship, and therefore claiming that the district court for the District of New Jersey had diversity jurisdiction over this matter. At the time of filing the Complaint, Plaintiff believed that Defendants maintained substantial contacts with the state of New Jersey. Thereby there is no diversity between the parties.

Defendants do indeed maintain substantial contacts within the state of New Jersey, as evidenced by the retail store's seventy (70) stores present throughout New Jersey, many of its employees are in New Jersey, and Wal-Mart Stores East, LP, advertises to New Jersey Residents. Additionally, Defendant was served in New Jersey via its registered agent. **(Exhibit 2)** Defendant conducts activities within the state and these activities can be considered substantial in nature.

## III. LEGAL ARGUMENT

**A.**        **Removal is disfavored, any ambiguities are resolved against removal.**

A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a) only when the federal court has original jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. Congress permitted diversity jurisdiction to prevent local prejudice against out-of-state defendants. *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir. 1968); S. Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102 (explaining the "purpose of diversity of citizenship legislation . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts"). But because in-state defendants need no protection from local bias, Congress prohibited removal—even when diversity jurisdiction otherwise exists—when a defendant is a citizen of the forum state. *See, e.g., Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 939-40 (9th Cir. 2006); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494, 499 (3d Cir. 1997). Specifically, 28 U.S.C. § 1441(b) provides that removal is improper "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

"The removal statute must be strictly construed, with all doubts and ambiguities resolved against removal and in favor of remand." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)).

Under § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Thus, where a federal court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. The law is clear in this Circuit, that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)). The removal statute "is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett,* 357 F.3d at 396 (citing *Boyer v. Snap-On ToolsCorp.,* 913 F.2d 108, 111 (3d Cir. 1990)). "This policy 'has always been rigorously enforced by the courts.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). These principles favor remanding this case to state court.

**B.**       **Remand is required because Wal-Mart Stores East, LP, is a Citizen of the State of New Jersey.**

Corporations, such as the Defendant corporations, are citizens of (1) the state where the corporation is incorporated, and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c) (1). For purposes of diversity under §1332(c)(1), a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The Third Circuit uses the center of corporate activities test as its sole method for locating a corporation's principal place of business for purposes of diversity jurisdiction. Under this test, a district court is to look for the location of the corporation's "headquarters of day-to-day corporate activity and management." *Kelly v. U.S. Steel Corp.,* 284 F.2d 850, 854 (3d Cir. 1960). The center of corporate activities test is similar to the nerve center test in the sense that it looks for a

"headquarters," albeit of day-to-day corporate activities and management. However, unlike the nerve center test, the location of the corporation's plants, employees, etc., are relevant considerations, but they are "elements of lesser importance" in the determination. *Id.* at 854; *see also Mermen Co. v. Atlantic Mut. Ins. Co.,* 147 F.3d 287, 291 (3rd Cir. 1998*) (Kelly* requires a court to locate a corporation's headquarters for day-to-day activity and management, with the location of plants, employees, etc., being considerations of lesser importance, but some significance). *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

The Supreme Court addressed this issue in *Hertz* and determined that a corporation's principal place of business is its "nerve center," i.e., the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This nerve center analysis also takes into account the location of plants, employees, etc. as considerations in this. Based on the substantial activity Defendant's conduct in New Jersey, Defendant Wal-Mart Stores East, LP, is a citizen of the State of New Jersey. Defendants control of the seventy (70) stores within the State of New Jersey assuredly requires Wal-Mart Stores East, LP, to be a citizen of New Jersey. Defendant must also require a large amount of Wal-Mart and Defendants' employees to work within the state. These substantial connections to the State of New Jersey make Defendant Wal-Mart Stores East, LP, a citizen of that state.

There is no question here that the Court lacks diversity jurisdiction over this case, because, as set forth above, the following facts are irrefutable: (1) Richard Johnson, the Plaintiff in this matter; (2) Richard Johnson is a citizen of the State of New Jersey; and (3) based on the nature of their conduct and connections to the State of New Jersey, Defendants, specifically Wal-Mart Stores East, LP, is a citizen of the State of New Jersey. Both the Plaintiffs and Defendants are citizens of

4

the State of New Jersey. There is not complete diversity of citizenship, the only basis upon which the Petitioning Defendant moved to remove this case to Federal Court.

More importantly, even if this Court were to find that diversity of citizenship between the parties exist, Plaintiff is not making a claim of damages that exceed the required limit of $75,000.00. Defendant argues that, when asked to stipulate damages, Plaintiff would not stipulate to damages being under $75,000. However, at that time, all of Plaintiff's injuries were not yet realized. At this juncture, Plaintiff has completed treatment and his injuries do not exceed the limits required for removal.

When ruling on a motion to remand, a district court must resolve all contested issues of substantive fact and any uncertainties as to the current state of controlling law in favor of the plaintiff. *See Brown v. Francis*, 75 F.3d 860, 865 (9th Cir. 1995) ("If there is any doubt as to the propriety of removal, that case should not be removed to federal court."); *see also Mohammed*, 2009 U.S. Dist. LEXIS 31094, at *15. In the instant case, the Plaintiff, Richard Johnson, and the Defendants, specifically Wal-Mart Stores East, LP, are citizens of the state of New Jersey and the amount in controversy does not exceed $75,000.00. Therefore, the policies underlying § 1441(c)'s provisions necessitate the remand of the subject matter to state Court.

## IV. CONCLUSION AND PRAYER

For these reasons, Plaintiff respectfully requests that the Court grant this motion to remand, remand the case to the Superior Court of the State of New Jersey for the County of Burlington, and grant such other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**VLASAC & SHMARUK LLC**

DATED:  March 11, 2020

_/s/ John M. Vlasac, Jr._
JOHN M. VLASAC, JR., ESQ.
485 B Route 1 South, Suite 120
Iselin, NJ 08830
Tel:    (732)494-3600
Fax:    (732)494-3601
jvlasac@vslaws.com
Attorney for Plaintiff, Richard Johnson

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD JOHNSON, | Case No. 1:20-CV-02450 |
| Plaintiff, | |
| vs. | Civil Action |
| WAL-MART STORES EAST, LP, JOHN DOES 1 - 5 (said names being fictitious, real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC COMPANIES 1 - 5 (said names being fictitious, real names unknown), and ABC COMPANIES 6-10 (said names being fictitious, real names unknown), | ORDER |
| Defendant(s) | |

**THIS MATTER**, having been opened before the Court on application of JOHN M. VLASAC, JR., ESQ., of Vlasac and Shmaruk, attorneys for the Plaintiff, Richard Johnson, and the Court having considered the matter and with good cause shown:

IT IS ON THIS _____ DAY OF _____, 2020, hereby

ORDERED that Plaintiff's Motion to Remand is GRANTED; and it is

ORDERED that this matter is REMANDED to Superior Court of New Jersey, County of Burlington, Docket BUR-L-2500-19; and it is

ORDERED that this case is CLOSED.

_____
                                                                                U.S.D.J.

# Exhibit 1

**VLASAC & SHMARUK, LLC**
John M. Vlasac, Jr.
Attorney ID # 020042000
485B Route 1 South, Suite 120
Iselin, NJ  08830
732-494-3600
(f) 732-494-3601
Attorneys for Plaintiff

| | |
|---|---|
| RICHARD JOHNSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WAL-MART RE BUS INC. #2841, JOHN DOES 1 - 5 (said names being fictitious, real names unknown), JOHN DOES 6 - 10 (said names being fictitious, real names unknown), ABC CORPS. 1 - 5 (said names being fictitious, real names unknown) and ABC CORPS 6 - 10 (said names being fictitious, real names unknown,<br><br>                    Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–BURLINGTONCOUNTY<br><br>Docket Number:  BUR-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, RICHARD JOHNSON, residing at 24664 E. Main St, Community of Columbus, Township of Mansfield, County of Burlington, State of New Jersey, by way of Complaint against the defendants, say:

**FIRST COUNT**

1.     On or about March 16, 2018, plaintiff, RICHARD JOHNSON, was properly and lawfully at/on or near the property owned, operated, managed or controlled by the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), said property located at 1740 Route 38 in Township of Lumberton, State of New Jersey. Plaintiff, RICHARD JOHNSON, was ultimately caused to fall due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property.

2.      At the time and place aforesaid, the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), were owners, operators, and/or property managers of the property/bathrooms and as such were responsible for the operation, management, inspection, control and maintenance of said premises/bathrooms.

3.      At the time and place aforesaid, the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), so negligently, recklessly, and/or carelessly owned, controlled, managed, operated, and/or maintained the property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants.

4.      As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries.  He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), either jointly, severally or in the alternative for damages together with interests and costs of suit.

**SECOND COUNT**

1.      Plaintiffs repeat and adopt each and every allegation of the First Count of the

Complaint as if same were fully set forth herein at length.

2.     At the time and place aforesaid, defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown), were the persons/entities hired or contracted by the defendant owners WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown) to treat, clean and/or maintain the subject property specifically with regard to maintenance and/or upkeep of the subject property/bathroom.

3.     At the time and place aforesaid, the defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown) through their agents, servants and/employees, so negligently, carelessly and/or recklessly treated, cleaned and/or maintained the subject property/bathroom in failing to maintain and/or upkeep the subject property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants..

4.     As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries.  He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious,

real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC

CORPS. 1-5 (said names being fictitious, real names unknown) and ABC CORPS. 6-10 (said

names being fictitious, real names unknown), either jointly, severally or in the alternative for

damages together with interests and costs of suit.

### THIRD COUNT

1.      Plaintiffs repeat and adopt each and every allegation of the First and Second Count

of the Complaint as if same were fully set forth herein at length.

2.      At the time and place aforesaid, defendants, WAL-MART RE BUS INC. #2841,

JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said

names being fictitious, real names unknown) negligently, carelessly and/or recklessly hired,

supervised and/or inspected the work/services provided by the defendants, JOHN DOES 6-10 (said

names being fictitious, real names unknown) and ABC CORPS. 6-10 (said names being fictitious,

real names unknown) so as to cause a hazardous condition to exist which caused the plaintiff to

fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe

passageway in the poorly maintained bathroom of the subject property owned by the defendants.

3.      As a direct and proximate result of the negligence of the defendants as aforesaid,

the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries.  He has suffered

and will in the future suffer great pain; he has and will in the future be required to expend large

sums of money for the cure and treatment of her injuries; and he has been and will in the future be

unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the

defendants, WAL-MART RE BUS INC. #2841, JOHN DOES 1-5 (said names being fictitious,

real names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC

CORPS. 1-5 (said names being fictitious, real names unknown), ABC CORPS. 6-10 (said names being fictitious, real names unknown) either jointly, severally or in the alternative for damages, together with interests and costs of suit.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to the Rules of the Court, John M. Vlasac, Jr., Esq. is hereby designated as trial counsel of the within matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1(b), the plaintiff hereby demands that the defendant provide answers to the uniform interrogatories as set forth in Form C and C(1) of Appendix II of the rules Governing the Courts of the State of New Jersey.

## DEMAND FOR DISCOVERY OF
## INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Yes (   )          No (   )

If the answer is "yes" state the type of each policy for which coverage exists:

| | | |
|---|---|---|
| General Liability | Yes (   ) | No (   ) |
| Commercial | Yes (   ) | No (   ) |
| Umbrella | Yes (   ) | No (   ) |
| Excess | Yes (   ) | No (   ) |
| Othis | Yes (   ) | No (   ) |

If the answer is "yes" attach a copy of each policy or, in the alternative, state under oath or certification the following:

(a)   Policy Number
(b)   Name and address of insuror or issuer
(c)   inception and expiration dates
(d)   names and addresses of all persons insured thereunder
(e)   personal injury limits
(f)   property damage limits
(g)   medical payment limits
(h)   name and address of person who has custody and possession thereof
(i)   where and when each policy or agreement can be inspected and copied.

## CERTIFICATION

I certify that the within matter is not the subject of any other pending court or arbitration proceeding.

VLASAC & SHMARUK, LLC
Attorney for the Plaintiffs


/s/ John M.Vlasac, Jr., Esq.
JOHN M. VLASAC JR., ESQ.

Dated: November 27, 2019

## CERTIFICATION PURSUANT TO R. 4:5-1

I, JOHN M. VLASAC, JR., hereby certify as follows:

1.    I am attorney at law of the State of New Jersey and am a member of the firm and as such, I am fully familiar with same.

2.    To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division, Burlington County.  Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated.

3.     I do hereby certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

VLASAC & SHMARUK, LLC
Attorney for the Plaintiffs


 /s/ John M.Vlasac, Jr., Esq.
JOHN M. VLASAC JR., ESQ.

Dated: November 27, 2019

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-002500-19

**Case Caption:** JOHNSON RICHARD  VS WAL-MART RE
BUS INC. #2841

**Case Initiation Date:** 11/27/2019

**Attorney Name:** JOHN MICHAEL VLASAC

**Firm Name:** VLASAC & SHMARUK, LLC

**Address:** 485B ROUTE 1 SOUTH STE 120

ISELIN NJ 08830

**Phone:** 7324943600

**Name of Party:** PLAINTIFF : JOHNSON, RICHARD

**Name of Defendant's Primary Insurance Company**
(if known): Claims Management, Inc.

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** YES
   **If yes, please identify the requested accommodation:**
   MOBILITY AIDS (WHEELCHAIR-GURNEY-BED)

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO      **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/27/2019</u>
Dated

/s/ JOHN MICHAEL VLASAC
Signed

# Exhibit 2

RICHARD JOHNSON                    Plaintiff          Superior Court of New Jersey
              vs.                                     Law Division
WAL-MART RE BUS INC. #2841, ET AL    Defendant        Burlington County
                                                     Docket Number: BUR-L-002500-19

**Person to be served (Name & Address):**
WAL-MART RE BUS INC. #2841                           **AFFIDAVIT OF SERVICE**
1740 ROUTE 38
LUMBERTON, NJ 08048                                  (For Use by Private Service)

**Attorney:**
John M Vlasac, Jr.                                   Cost of Service pursuant to R. 4:4-3(c)

                                                     $ _____

**Papers Served:** Summons, Complaint, Jury Demand, Notice Of Designation of Trial Counsel, Demand for Answers to Interrogatories, Demand For Discovery of Insurance Coverage, Certification, Certification Pursuant to Rule 4:5-1, CIS, Track Assignment Notice, Lawyers Referral List

**Service Data:**
Served Successfully __X__   Not Served_____   Date: 12/7/2019   Time: 5:28 pm   Attempts: _____

                                                     Name of Person Served and relationship / title:
_____   Delivered a copy to him / her personally

_____   Left a copy with a competent household    DWAYNE MYERS _____
            member over 14 years of age residing
            therein                                   Authorized Agent _____

___X___    Left a copy with a person authorized to
            accept service, e.g. managing agent,
            registered agent, etc.

**Description of Person Accepting Service:**
Sex: M ___   Age: 50 ___   Height: 6'0" ___   Weight: 200 ___   Skin Color: WHITE _____   Hair Color: SALT/PEPPER _____

**Comments or Remarks:**

**Server Data:**
                                                     I, Jeffrey Tobin, was at the time of service a
Subscribed and Sworn to before me on Dec 11th   2019   competent adult not having a direct interest in the
by the affiant who is personally known to me.        litigation. I declare under penalty of perjury that the
                                                     foregoing is true and correct.
_____
NOTARY PUBLIC                                        _____  12/11/19
                                                     Signature of Process Server          Date

        FERNANDA CARLOS                              STATUS, L.L.C.
      NOTARY PUBLIC OF NEW JERSEY                    1509 Stuyvesant Avenue
      My Commission Expires 8/14/2022                Union, NJ 07083
                                                     (908) 688-1414
                                                     Our Job Serial Number: STS-2019046100
                                                     Ref: N/A

# Exhibit 3

**VLASAC & SHMARUK, LLC**
John M. Vlasac, Jr.
Attorney ID # 020042000
485B Route 1 South, Suite 120
Iselin, NJ 08830
732-494-3600
(f) 732-494-3601
Attorneys for Plaintiff

| | |
|---|---|
| RICHARD JOHNSON,<br><br>                Plaintiff,<br><br>        vs.<br><br>WAL-MART STORES EAST, LP, JOHN DOES 1 - 5 (said names being fictitious, real names unknown), JOHN DOES 6 - 10 (said names being fictitious, real names unknown), ABC CORPS. 1 - 5 (said names being fictitious, real names unknown) and ABC CORPS 6 - 10 (said names being fictitious, real names unknown,<br><br>             Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–BURLINGTONCOUNTY<br><br>Docket Number: BUR-L-2500-19<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, RICHARD JOHNSON, residing at 24664 E. Main St, Community of Columbus, Township of Mansfield, County of Burlington, State of New Jersey, by way of Complaint against the defendants, say:

**FIRST COUNT**

1.      On or about March 16, 2018, plaintiff, RICHARD JOHNSON, was properly and lawfully at/on or near the property owned, operated, managed or controlled by the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), said property located at 1740 Route 38 in Township of Lumberton, State of New Jersey. Plaintiff, RICHARD JOHNSON, was ultimately caused to fall due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property.

2.     At the time and place aforesaid, the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), were owners, operators, and/or property managers of the property/bathrooms and as such were responsible for the operation, management, inspection, control and maintenance of said premises/bathrooms.

3.     At the time and place aforesaid, the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), so negligently, recklessly, and/or carelessly owned, controlled, managed, operated, and/or maintained the property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants.

4.     As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries.  He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown), either jointly, severally or in the alternative for damages together with interests and costs of suit.

## SECOND COUNT

1.     Plaintiffs repeat and adopt each and every allegation of the First Count of the

Complaint as if same were fully set forth herein at length.

    2.    At the time and place aforesaid, defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown), were the persons/entities hired or contracted by the defendant owners WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said names being fictitious, real names unknown) to treat, clean and/or maintain the subject property specifically with regard to maintenance and/or upkeep of the subject property/bathroom.

    3.    At the time and place aforesaid, the defendants, JOHN DOES 6-10 (said names being fictitious, real names unknown), and ABC CORPS. 6-10 (said names being fictitious, real names unknown) through their agents, servants and/employees, so negligently, carelessly and/or recklessly treated, cleaned and/or maintained the subject property/bathroom in failing to maintain and/or upkeep the subject property/bathroom so as to cause a hazardous condition to exist which caused the plaintiff to fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe passageway in the poorly maintained bathroom of the subject property owned by the defendants..

    4.    As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries. He has suffered and will in the future suffer great pain; he has and will in the future be required to expend large sums of money for the cure and treatment of his injuries; and he has been and will in the future be unable to pursue his normal daily activities as before.

    **WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real

names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC

CORPS. 1-5 (said names being fictitious, real names unknown) and ABC CORPS. 6-10 (said

names being fictitious, real names unknown), either jointly, severally or in the alternative for

damages together with interests and costs of suit.

## THIRD COUNT

1.      Plaintiffs repeat and adopt each and every allegation of the First and Second Count

of the Complaint as if same were fully set forth herein at length.

2.      At the time and place aforesaid, defendants, WAL-MART STORES EAST, LP,

JOHN DOES 1-5 (said names being fictitious, real names unknown), and ABC CORPS. 1-5 (said

names being fictitious, real names unknown) negligently, carelessly and/or recklessly hired,

supervised and/or inspected the work/services provided by the defendants, JOHN DOES 6-10 (said

names being fictitious, real names unknown) and ABC CORPS. 6-10 (said names being fictitious,

real names unknown) so as to cause a hazardous condition to exist which caused the plaintiff to

fall, more specifically due to water, wet papers towels laying on the floor and/or an unsafe

passageway in the poorly maintained bathroom of the subject property owned by the defendants.

3.      As a direct and proximate result of the negligence of the defendants as aforesaid,

the plaintiff, RICHARD JOHNSON, sustained serious and permanent injuries.  He has suffered

and will in the future suffer great pain; he has and will in the future be required to expend large

sums of money for the cure and treatment of her injuries; and he has been and will in the future be

unable to pursue his normal daily activities as before.

**WHEREFORE**, the plaintiff, RICHARD JOHNSON, demands judgment against the

defendants, WAL-MART STORES EAST, LP, JOHN DOES 1-5 (said names being fictitious, real

names unknown), JOHN DOES 6-10 (said names being fictitious, real names unknown), ABC

CORPS. 1-5 (said names being fictitious, real names unknown), ABC CORPS. 6-10 (said names being fictitious, real names unknown) either jointly, severally or in the alternative for damages, together with interests and costs of suit.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to the Rules of the Court, John M. Vlasac, Jr., Esq. is hereby designated as trial counsel of the within matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1(b), the plaintiff hereby demands that the defendant provide answers to the uniform interrogatories as set forth in Form C and C(1) of Appendix II of the rules Governing the Courts of the State of New Jersey.

## DEMAND FOR DISCOVERY OF
## INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Yes (   )          No (   )

If the answer is "yes" state the type of each policy for which coverage exists:

| General Liability | Yes (   ) | No (   ) |
| Commercial | Yes (   ) | No (   ) |
| Umbrella | Yes (   ) | No (   ) |
| Excess | Yes (   ) | No (   ) |
| Othis | Yes (   ) | No (   ) |

If the answer is "yes" attach a copy of each policy or, in the alternative, state under oath or certification the following:

(a)    Policy Number
(b)    Name and address of insuror or issuer
(c)    inception and expiration dates
(d)    names and addresses of all persons insured thereunder
(e)    personal injury limits
(f)    property damage limits
(g)    medical payment limits
(h)    name and address of person who has custody and possession thereof
(i)    where and when each policy or agreement can be inspected and copied.

## CERTIFICATION

I certify that the within matter is not the subject of any other pending court or arbitration proceeding.

VLASAC & SHMARUK, LLC
Attorney for the Plaintiffs


/s/ John M.Vlasac, Jr., Esq.
JOHN M. VLASAC JR., ESQ.

Dated: February 24, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I, JOHN M. VLASAC, JR., hereby certify as follows:

1.    I am attorney at law of the State of New Jersey and am a member of the firm and as such, I am fully familiar with same.

2.    To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division, Burlington County. Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated.

3.    I do hereby certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

VLASAC & SHMARUK, LLC
Attorney for the Plaintiffs


 /s/ John M. Vlasac, Jr., Esq.
JOHN M. VLASAC JR., ESQ.

Dated: February 24, 2020