**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD JOHNSON, | |
| Plaintiff, | Hon. Joseph H. Rodriguez |
| vs. | Case Action No. 1:20-cv-02450 |
| WAL-MART STORES EAST, LP et al | **OPINION** |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c). [Dkt. No. 5]. Plaintiff, Richard Johnson ("Plaintiff"), seeks to have his claim against Defendant companies Wal-Mart Stores East, LP, et al. ("Defendants") remanded to the Superior Court of the State of New Jersey, Burlington County. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Federal Rules of Civil Procedure 78(b). For the reasons stated below, the Court will deny Plaintiff's Motion to Remand.

I.  Background

On or about November 27, 2019, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, against Defendants for injuries sustained due to a slip-and-fall accident on Wal-Mart's property. (Compl., First Count, ¶ 1). The Defendants are owners, operators, and property managers of the subject property/bathroom. (Id.) Plaintiff alleges that Defendants' negligence and recklessness was a direct and proximate cause of his injuries, and that he is entitled to damages for permanent and persistent injuries sustained. (Id. at ¶ 4).

1

Plaintiff later filed an Amended Complaint on or about February 24, 2020 [see Dkt. No. 1, Ex. A]; and Defendants filed a Notice of Removal with this Court on March 6, 2020, based on diversity jurisdiction pursuant to 28 U.S.C. §1332. [Dkt. No. 1]. On March 11, 2020, Plaintiff filed a Motion to Remand to the Superior Court of New Jersey, Burlington County, claiming that the removal was improper because there is no diversity of citizenship between the parties. [Dkt. No. 5]. Defendant Wal-Mart Stores East, LP filed a Brief in Opposition to Plaintiff's Motion on March 23, 2020. [Dkt. No. 7]. Defendant contends that diversity jurisdiction is proper as they are not citizens of New Jersey. The Court will address the proper tests for determining diversity of citizenship, and whether Plaintiff erred in its determination that Wal-Mart Stores East, LP is a citizen of New Jersey.

## II.   Standard of Review

A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a) only when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under § 1447(c), the plaintiff has 30 days to challenge the propriety of a removal on any basis other than lack of jurisdiction. 28 U.S.C. § 1447(c). The burden is placed on the defendant to show that the removal is appropriate. Lee v. Carter–Reed Co., L.L.C., No. 06–1173, 2006 WL 3511160, *2 (D.N.J. Dec.5, 2006) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is proper before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are to be strictly construed,

and all doubts must be resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

The case is subject to remand to state court if, at any time before the final judgment, it appears that the district court lacks subject matter jurisdiction under § 1446(a). 28 U.S.C. § 1447(c). An order remanding the case may require the payment of expenses incurred as a result of the removal, including attorney fees. Id.

### III.   Analysis

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332. To remove a case based on diversity, diversity between the parties must exist at the time the claim was filed and when removal is sought. Am. Dredging Co. v. Atl. Sea Con, Ltd., 637 F. Supp. 179, 181 (D.N.J. 1986) (citing Kellam v. Keith, 144 U.S. 568 (1892)).

Here, Plaintiff is a citizen of New Jersey, residing at 24664 E. Main St., Community of Columbus, Township of Mansfield, Burlington County, New Jersey. (Compl., First Count, ¶ 1; Dkt. No. 1 ¶ 7). Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Burlington County alleging injuries were sustained as a result of a slip and fall in a Wal-Mart store located in Lumberton, New Jersey. (Compl., First Count, ¶ 1). Defendant, Wal-Mart East, removed the case to this Court alleging complete diversity between the parties. Plaintiff, however, alleges that Wal-Mart Stores East, LP is also a citizen of the State of New Jersey, and that as a result, complete diversity does not exist between the parties. [Dkt. No. 5].

First, Plaintiff cites to the relevant statute, 28 U.S.C. § 1332(c)(1). [Dkt. No. 5 ¶ 7]. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Plaintiff errs, however, in citing to Kelly v. U.S. Steel Corp, 284 F.2d 850, 851 (3d Cir. 1960) to assert that the Third Circuit "uses the 'center of corporate activities' test as its sole method for locating a corporation's principal place of business and place of incorporation." [Dkt. No. 5 ¶ 8]. The test used in Kelly is not the governing approach for determining corporate citizenship. See Hertz Corp. v. Friend, 559 U.S. 77, 90 (2010).

In Hertz Corp. v. Friend, the Supreme Court of the United States established the "nerve center" test as the proper method for evaluating corporate citizenship. Id. at 90. A corporation's "nerve center" is typically the place where "the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination." Id. It often refers to the "place where a corporation's high-level officers direct, control and coordinate the corporation's activities." Id. Further, a corporation's "nerve center," or where it is headquartered, is also a singular place, and typically the corporation's main place of business. Id. Notably, the Supreme Court concluded that this test does not require courts to "weigh corporate functions assets or revenues." Id. at 95. Accordingly, though Defendants "control seventy (70) stores within the State of New Jersey" and have many Wal-Mart employees working within the state, substantial connections with the state is not enough to establish citizenship.

To be sure, Defendant, Wal-Mart Stores East, LP, is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. [Dkt. No. 1 ¶ 8]. In the case where a party to the action is a

partnership, "diversity jurisdiction may not obtain here, unless all of the members of the plaintiff partnership are of distinct citizenship from all of the defendants." Carlsberg Resources Corp. v. Cambria Savings & Loan Assoc., 554 F.2d 1254, 1258 (3d Cir. 1977). WSE Management LLC, the general partner of Wal-Mart Stores East, is organized under the laws of the state of Delaware with its principal place of business in Bentonville, Arkansas. [Dkt. No. 1 ¶ 8]. The limited partner of Wal-Mart Stores East is WSE Investment LLC, which is organized under Delaware law, with its principal place of business in Bentonville, Arkansas. (Id.)

When a party to the action is an unincorporated association, an allegation of diversity of citizenship must include the citizenship of each of the association's members. Carden v. Arkoma Assocs., 110 S. Ct. 1015 (1990). Both WSE Management, LLC and WSE Investment, LLC have a sole member, Wal-Mart Stores East, LLC, another limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. [Dkt. No. 1 ¶ 8]. Its sole member and parent company is Walmart, Inc., a corporation organized under Delaware law, with its principal place of business in Bentonville, Arkansas. (Id.)

Therefore, Defendant Wal-Mart East is a citizen of the State of Arkansas and the State of Delaware. As such, there is complete diversity among the parties. Plaintiff's use of the "center of corporate activities" test established in Kelly led to the incorrect conclusion that Defendant was a citizen of New Jersey. [Dkt. No. 5]. Defendant has sufficiently established that the case is properly before this federal court. Accordingly, the Court will deny Plaintiff's Motion to Remand to the Superior Court of New Jersey, Law Division, Burlington County.

IV. <u>Conclusion</u>

For the reasons expressed above, Plaintiff's Motion to Remand [Dkt. No. 5] will be denied.

An appropriate Order shall issue.

Dated: June 17, 2020

  /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE